JAS. H. WRIGHT *v.* C. M. CURTIS.
A. B. BRADEN *v.* C. M. CURTIS *et al.*

(*Nashville.*  December Term, 1921.)

COURTS.  On appeal from demurrer to petition for writ of error coram
nobis, judgment does not determine the amount in controversy.

On dismissing a writ of error *coram nobis*, the trial court may
affirm the judgment under Thompson-Shannon Code, section 4842,
but an appeal from an order overruling a demurrer to the petition
for the writ brings up only the court's action thereon, and the
supreme court is without jurisdiction, though judgment is for
more than $1,000.

Cases cited and approved:  Patterson v. Arnold, 45 Tenn., 364;
Mahalovitch v. Vaughn, 60 Tenn., 325;  Upton v. Philips, 58 Tenn.,
215;  Carney v. McDonald, 57 Tenn., 232;  Gallena v. Sudheimer, 56
Tenn., 189.

Code cited and construed:  Sec. 4842 (T.-S.).

FROM LINCOLN.

Appeal from the Chancery Court of Lincoln County.—
HON. THOS. B. LYTLE, Chancellor.

R. L. ARMSTRONG and GILES L. EVANS, for Wright and
Braden.

ESLICK & ESLICK, for Curtis and others.

MR. JUSTICE GREEN delivered the opinion of the Court.

These cases were presented together, and may be disposed of in one opinion.

At the hearing we suggested that jurisdiction of these appeals was in the court of civil appeals and not this court, but counsel asked leave to file a brief on this question, and we took the matter under consideration. Investigation satisfies us that our former impression was correct.

An appeal in each case was taken to this court from an order of the chancellor overruling a demurrer to a petition for writ of error *coram nobis*. We are referred to section 4842, Thompson's Shannon's Code, providing as follows:

"In all cases of affirmance of the judgment, or dismissal of the writ for any cause, where the original judgment has been superseded, judgment shall be rendered against the plaintiff in error and his sureties for the amount of the former judgment, with interest at the rate of twelve and one-half per cent. per annum from the rendition thereof, and all costs."

It is said that the judgment superseded in each case amounts to more than $1,000; that if we dismissed the writ of error *coram nobis* we would award judgment in each case in excess of $1,000, and that, therefore, the matter involved in each appeal is a money judgment in excess of $1,000.

This argument assumes that the whole of each one of these cases is before us, which is a mistake. The appeals in these cases only brought up for review the orders of the chancellor overruling the demurrers. The judgments in the original cases were not brought up by these appeals either for affirmance or modification.

When the trial court dismisses a writ of error *coram nobis* it may affirm the main judgment with the statutory penalty under section 4842 above quoted, because the entire case is in that court. But the scope of a writ of error *coram nobis* being limited—not going to the whole case—an appeal from an order disposing of the same brings up only part of the case. It only brings up for revisal the action of the court on the petition. *Patterson* v. *Arnold,* 4 Cold. (45 Tenn.), 364. The time for appeal from the original judgment having ordinarily expired, when judgment is had on the petition for writ of error *coram nobis,* if it is desired to bring up the entire record, that record must be filed for writ of error. This practice is settled in *Patterson* v. *Arnold,* supra, and was observed in the following cases: *Mahalovitch* v. *Vaughn,* 1 Baxt. (60 Tenn.), 325; *Upton* v. *Philips,* 11 Heisk. (58 Tenn.), 215; *Carney* v. *McDonald,* 10 Heisk. (57 Tenn.), 232; *Gallena* v. *Sudheimer,* 9 Heisk. (56 Tenn.), 189.

Since the former judgments in these cases are not before us, we could not affirm them, even if we should conclude that the chancellor improperly overruled the demurrers to the petitions for writs of error *coram nobis.*

So in the state of these records, we see nothing which can save the jurisdiction of this court, and these cases must be transferred for hearing to the court of civil appeals.